## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHARIE ELLIOT,**

**Petitioner/Defendant,**

**vs.**                                              **Civil No. 14-0580-DRH**
                                                      **Criminal No. 10-30058-WDS**
**UNITED STATES,**

**Respondent/Plaintiff.**


## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner/defendant Sharie Elliot's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Elliot's petition shows that it must be dismissed.

On January 28 2011, Elliot entered into a plea agreement and entered a plea of guilty to Counts 1 and 2 of the indictment, which charged Elliot with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base and with distribution of cocaine base. *See United States v. Elliot*, 10-30058-WDS;

Docs. 68, 69 and 70.   On June 3, 2011, then Senior District Judge William D. Stiehl sentenced Elliot to 132 months imprisonment and judgment was entered. *Id*. at Docs. 79 & 82.   Elliot did not appeal her criminal judgment.   Thereafter, on May 4, 2012, Judge Stiehl reduced Elliot's sentence to 99 months. *Id*. at Doc. 98.

On May 20, 2014, Elliot filed the instant § 2255 motion (Doc. 1).   The government has not been ordered to file a response to Elliot's § 2255 motion. Pursuant to 28 U.S.C. § 2255 and Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, the Court has reviewed Elliot's' filing to determine whether she might be entitled to relief.   For procedural reasons, the Court determines that she is not.   28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).   Here, the sentencing court entered judgment on June 3, 2011.   Elliot did not appeal her conviction. Thus, it became final 14 days after it was entered and the deadline to file a notice of appeal expired.   28 U.S.C. § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A).   As Elliot filed her § 2255 motion in May 2014, it is clearly untimely.

The § 2255 limitations period can be tolled in two ways: equitable estoppel or equitable tolling. *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013). Equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit. *Id.*   Equitable tolling applies where a petitioner has diligently pursued his rights but some "extraordinary circumstance" prevented

his timely filing.  *Holland v. Florida*, —— U.S. ——, 130 S. Ct. 2549, 2560–62 (2010) (construing § 2244(d)'s similar one-year limitation for § 2254 petitions); *see Clarke*, 703 F.3d at 1101.   Elliot does not address either of these doctrines and the Court's review of Elliot's file demonstrates neither doctrine applies.   Thus, her petition is summarily dismissed.

### CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted.   *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009).   A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   *See Slack,* 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely.   Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner Sharie Elliot's motion pursuant to 28 U.S.C. §  2255 is **DENIED**.   This action is **DISMISSED with prejudice**, and judgment shall enter accordingly.

**IT IS SO ORDERED.**

Signed this 29th day of May, 2014.

Digitally signed by
David R. Herndon
Date: 2014.05.29
13:05:08 -05'00'

**Chief Judge**
**U.S. District Court**